# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES LEIKEL, <br><br> Plaintiff, <br><br> v. <br><br> VILLAGE OF OAK LAWN, LARRY DEETJEN, individually, and GEORGE W. SHEETS, individually, <br><br> Defendants. | No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, JAMES LEIKEL, by and through his undersigned counsel, submits his Complaint against Defendants VILLAGE OF OAK LAWN, LARRY DEETJEN, individually, and GEORGE W. SHEETS, individually, as follows:

## NATURE OF THE ACTION

1. This is a lawsuit arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.* ("IMWL"), the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1 *et seq.* ("IWPCA"), and pursuant to the state claim for breach of contract, for Defendants' failure to pay full overtime wages to the Plaintiff at the proper rate of compensation.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) as Defendants are located in this judicial district and the facts and events giving rise to Plaintiff s claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff James Leikel resides and is domiciled in this judicial district and has been employed by Defendants during the applicable statute of limitations period for each of the claims set forth herein.

5. At all times relevant to this Complaint, Plaintiff was an "employee" as defined by the FLSA, IMWL, and IWPCA.

6. Defendant Village of Oak Lawn ("the Village") is a municipal corporation, organized under the laws of Illinois, located in Cook County, Illinois, and doing business within this judicial district. The Village is an "enterprise" as defined by Section 3(r)(l ) of the FLSA, 29 U.S.C. § 203(r)(l ), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(l )(A).

7. The Village was Plaintiff's "employer" as that term is defined by the FLSA, IMWL, and IWPCA.

8. Defendant Village Manager Larry Deetjen ("Deetjen") is and was at all relevant times involved in the day-to-day business operation of the Village. Among other things, Deetjen has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures. Deetjen had knowledge of the manner in which Plaintiff was compensated for overtime work, and actively participated in the decision and practice of denying Plaintiff full and proper compensation.

9. Defendant George W. Sheets ("Sheets") was the Chief of Fire & Emergency Medical Services for the Village at times relevant to this Complaint, and is and was at all relevant times involved in the day-to-day business operation of the Fire Department. Among other things, Sheets has the authority to hire employees, the authority to discipline employees and to bring charges against employees seeking their termination, the authority to direct and supervise the work of employees, the authority to sign on the Fire Department's checking accounts, including approval of payroll, and he has the authority to participate in decisions regarding employee compensation and capital expenditures. Sheets was an active participant in negotiating with the Union to

set Plaintiff's rates of pay and determine how Plaintiff was to be compensated for overtime work.

10. Defendants Deetjen and Sheets were Plaintiff's "employers" as that term is defined by the FLSA, IMWL, and IWPCA.

11. Defendants Deetjen and Sheets reside and are domiciled in this judicial district.

**FACTUAL ALLEGATIONS**

12. Plaintiff began his employment with the Village on April 1, 1993. He retired on January 3, 2017.

13. At all times relevant to this Complaint, Plaintiff was a union member of IAFF Local 3405 (the "Union") and his employment was subject to the Collective Bargaining Agreement ("CBA") entered into between the Village and the Union. A copy of the CBA, which is substantially similar to the agreements in place between the Village and the Union for the entire timeframe relevant to this claim, is attached as Exhibit A.

14. Between approximately 2004 and 2011 Plaintiff worked as a Lieutenant in the Fire Department.

15. In or around 2011, Plaintiff received a promotion to Bureau Chief. He remained a Bureau Chief through the date of his retirement.

16. As a Bureau Chief, Plaintiff was classified as a "Day employee" per the CBA, and was assigned to work a forty (40) hour week. His work cycle was based on a seven (7) day cycle, running Monday through Sunday. *See* Exhibit A, § 6.1(a).

17. As a Day employee, Plaintiff's hourly rate of pay was based upon a forty-hour work week (*i.e.*, 2080 hours per year) and determined by dividing Plaintiff's annual salary (including incentive and specialty pay) by 2080. *See* Exhibit A, § 6.2(a).

18. The job description for a Bureau Chief includes: "The (FP) Bureau Chief Job description and duties are consistent with that of the Firefighter. If the (FP) Bureau Chief holds the appropriate previous commissioned rank of Engineer, Lieutenant, Captain or Battalion Chief, their duties shall also be consistent to the ranks of Engineer, Lieutenant, Captain or Battalion Chief."

19. There is significant overlap between the job of a Bureau Chief, and the job of a Lieutenant. Specifically, as a Bureau Chief, although Plaintiff performed administrative duties such as completing paperwork, he also acted as a first responder and was expected to perform substantially the same duties as a Lieutenant. As a Bureau Chief, Plaintiff was a first responder, fulfilled fire prevention duties, and participated in community education. He showed up at fires, rode on apparatus (one of the responding vehicles), had his own protective gear and clothing that he had to don, worked with the same equipment as Lieutenants, and entered structures.

20. During the regular course of Plaintiff's work as a Bureau Chief, he had his own vehicle with lights, siren, mobile and portable radios, and personal protective gear

including a Self Contained Breathing Apparatus. As a Bureau Chief, Plaintiff had the authority to respond to any fire/life safety emergency situation based on his discretion and proximity. He also had an Automated External Defibrillator to respond to any medical emergency. These characteristics are also fundamental to the position of Lieutenant.

21. For these and other reasons, the roles of Bureau Chief and Lieutenant are not "completely" different jobs.

22. During the timeframe applicable to this action, while Plaintiff worked as a Bureau Chief, he was not exempt from the overtime provisions of state or federal wage law.

23. Appendix I to the CBA, which specifically applies to Bureau Chiefs, reiterates that Plaintiff was entitled to receive overtime compensation:

> **Compensation and Benefits**:
>
> The hours of work shall be equivalent to 40 hours per week, but the days worked and hours per day shall be flexible and be worked out between the Fire Chief and the employee with the Union Presidents approval. Any hours worked over 40 hours shall be compensated at a time and one-half rate either monetarily or in paid time off (comp-time). All other benefits shall be the same as found in the Fire Officers' Collective Bargaining Agreement.

24. On a regular basis, Plaintiff worked overtime hours in excess of the 40 hours that were included in his regular schedule as Bureau Chief per week. All firefighters, including the Plaintiff, were included on an overtime list. Plaintiff typically accepted the overtime shifts that occurred over weekends.

25. Section 6.3 of the CBA states:

Employees shall be paid at the rate of time and one-half their hourly rate for all work outside of their regular scheduled hours consisting of fifteen (15) minutes or more. Such employees shall receive pay at the overtime rate for one-half (1/2) hour. Overtime work of more than one-half (1/2) hour shall be paid in one-half (1/2) hour increments. In lieu of pay at the overtime rate, Day employees covered by this Agreement shall have the option to receive compensatory time-off computed at the rate of one and one-half hours for each hour of overtime work for which such compensatory time-off is taken, provided the duration of the work outside of the regularly scheduled hours is fifteen (15) minutes or more.

26. As a Bureau Chief, Plaintiff's annual salary was established and set forth in the CBA.

27. Calculating Plaintiff's hourly rate of pay per § 6.2(a) of the CBA, Plaintiff's overtime rates have grown over the years:

   a. 3/5/11 – 12/18/11: $75.57 per overtime hour
   b. 1/22/12-12/29/12: $81.14 per overtime hour
   c. 1/19/13 – 3/30/13: $82.29 per overtime hour
   d. 4/6/13-12/29/13: $83.03 per overtime hour
   e. 1/4/14 – 1/3/17: $84.96 per overtime hour

28. Yet, notwithstanding the provisions of the CBA and applicable state and federal law, Defendants compensated Plaintiff at the following overtime rates over the years:

   a. 3/5/11 – 12/18/11: $56.25 per overtime hour
   b. 1/22/12-12/29/12: $58.18 per overtime hour
   c. 1/19/13 – 3/30/13: $56.36 per overtime hour
   d. 4/6/13-12/29/13: $56.92 per overtime hour
   e. 1/4/14 – 1/3/17: $58.31 per overtime hour

29. There was no agreement specifically between Plaintiff and Defendants regarding Plaintiff's rate of pay for hours worked in excess of forty (40) per week, as required by Section 7(g) of the FLSA.

30. Plaintiff's overtime sheets reflect that when he worked overtime, he was doing so as a Bureau Chief.

31. When Plaintiff elected to receive compensatory time-off ("comp time") in lieu of overtime pay for the overtime hours that he worked, the comp time accrued at the Bureau Chief rate and not the rate of Lieutenant.

32. Because Plaintiff worked as a Bureau Chief during his overtime hours, Defendants were required to compensate him at the overtime rate applicable to Plaintiff's regular rate of pay as a Bureau Chief.

33. Defendants failed to fully compensate Plaintiff at the proper overtime rate for all hours worked in excess of forty (40) per week.

34. Defendants either knew or showed reckless disregard for the matter of whether they were properly compensating Plaintiff at the proper overtime rate. Specifically:

    a. Defendants were specifically informed by legal counsel that the manner in which Plaintiff was compensated may not have been in compliance with wage and hour laws, yet continued to compensate him in violation of the wage and hour laws as described herein.

b. Defendants attempted to use an unenforceable and improper "Side Letter" of the CBA to justify paying Plaintiff at a lower rate of pay despite the fact that he worked as a Bureau Chief at all times.

c. Defendants were aware that the "Side Letter" was not ratified by the membership of the Union, as the Union President who signed the letter did not have the authority to do so.

d. Defendants were aware at all times that the positions of Lieutenant and Bureau Chief were not two completely different positions.

e. Defendants were aware at all times that no *bona fide* agreement existed between Plaintiff and Defendants, regarding Plaintiff's rate of pay for overtime work.

f. Defendants were aware that Plaintiff's overtime rate was much higher than the rate that Defendants were paying him, as described herein.

35. Defendants knew or were aware, or should have known, that Plaintiff routinely worked more than 40 hours per week.

36. Defendants knew or should have known about their obligation to compensate Plaintiff at his proper overtime rate for hours worked in excess of 40 per week.

## COUNT I
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

37. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

38. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay the Plaintiff overtime wages at the proper rate for all hours worked in excess of forty (40) per workweek while he was a Bureau Chief.

39. Plaintiff worked for Defendants and was Defendants' "employee" as defined by Section 3(e)(l) of the FLSA, 29 U.S.C. § 203(e)(l).

40. Defendants were Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

41. During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

42. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

43. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

44. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual work weeks, as described above.

45. Defendants' failure to pay Plaintiff overtime wages at the proper rate for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

46. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Awarding judgment for back pay equal to the amount of all unpaid overtime compensation for the three years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

B. Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

D. Entering an injunction precluding Defendants from violating the FLSA; and

E. Awarding such additional relief as this Court may deem just and proper.

## COUNT II
### ILLINOIS MINIMUM WAGE LAW – UNPAID OVERTIME

47. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

48. This count arises from Defendants' violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for Defendants' failure to pay the Plaintiff overtime wages at the

proper rate for all hours worked in excess of forty (40) per workweek while he was a Bureau Chief.

49. Plaintiff worked for Defendants and was Defendants' "employee" as defined by the IMWL

50. Defendants were Plaintiff's "employer" within the meaning of the IMWL.

51. During the course of his employment with Defendants, Plaintiff was not exempt from the overtime wage provisions of the IMWL.

52. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

53. Pursuant to the IMWL, 820 ILCS § 105/4a(1), for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

54. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual work weeks, as described above.

55. Defendants' failure to pay Plaintiff overtime wages at the proper rate for time worked in excess of 40 hours per week was a violation of the Illinois Minimum Wage Law.

56. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Illinois Minimum Wage Law.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff pursuant to the IMWL;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. § 105/12(a);

D. Entering an injunction precluding Defendants from violating the IMWL; and

E. Awarding such additional relief as this Court may deem just and proper.

## COUNT III
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT – UNPAID WAGES

57. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

58. Defendants were obligated to pay Plaintiff pursuant to the agreement between the parties, set forth in the CBA. This included payment at the rates provided, and payment at 1.5 times Plaintiff's regular hourly rate for all hours worked in excess of forty (40) per week.

59. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

60. Pursuant to the agreement between the parties, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

61. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual work weeks, as described above.

62. As a result of the Defendants' failure to fully compensate Plaintiff at the agreed-upon overtime rates, Plaintiff was not provided with full compensation by the Defendants, in violation of the IWPCA.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiff as a result of the underpayment of overtime wages for his work as a Bureau Chief, encompassing the timeframe beginning ten years prior to the filing of the Complaint;

B. Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

C. Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 115/14(a);

D. Awarding reasonable attorneys' fees and costa pursuant to 820 Ill. Comp. Stat. § 115/14(a);

E. Entering an injunction precluding Defendants from violating the IWPCA; and

F. Awarding such additional relief as this Court may deem just and proper.

## COUNT IV
## BREACH OF CONTRACT – UNPAID WAGES

63. Plaintiff hereby re-alleges and incorporates paragraphs 1 through 36 of this Complaint, as if fully set forth herein.

64. Defendants were obligated to pay Plaintiff pursuant to the agreement between the parties as set forth in the CBA. This included payment at the rates provided, and payment at 1.5 times Plaintiff's regular hourly rate for all hours worked in excess of forty (40) per week.

65. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

66. Pursuant to the agreement between the parties, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

67. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual work weeks, as described above.

68. As a result of the Defendants' failure to fully compensate Plaintiff at the agreed-upon overtime rates, Plaintiff was not provided with full compensation by the Defendants, in violation of the contract between the parties.

69. As a direct result of Defendants' violations and breaches of the Contract, Plaintiff has suffered pecuniary and compensatory damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. Compensatory damages in the amount of any underpayment of wages owed to Plaintiff per the Contract, encompassing the timeframe beginning five years prior to the filing of the Complaint;

B.  Awarding pre-judgment and post-judgment interest on the back pay in accordance with the law; and

C.  Awarding such additional relief as this Court may deem fair and equitable.

Respectfully submitted,

JAMES LEIKEL

*/s/Dana L. Kurtz*
One of Plaintiff's Attorneys

*Electronically filed on March 10, 2017*

Dana L. Kurtz, Esq. #6256245
KURTZ LAW OFFICES, LTD.
32 Blaine Street
Hinsdale, IL 60521
Phone: 630.323.9444
Facsimile: 630.604.9444
E-mail: dkurtz@kurtzlaw.us

Alejandro Caffarelli, #06239078
Lorrie T. Peeters, #06290434
Alexis D. Martin, #06309619
CAFFARELLI & ASSOCIATES LTD.
224 N. Michigan Ave., Ste. 300
Chicago, IL 60604
Phone: (312) 763-6880